IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA LEE,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO.  23-3605 |

HODGE, J.                                                                                                                    July 18, 2025

## MEMORANDUM

Barbara Lee ("Plaintiff") brings claims against State Farm Fire and Casualty Company ("Defendant") for breach of contract (Count I) and for bad faith in violation of 42 Pa. C.S.A. § 8371 (Count II). Before the Court is Defendant's Motion for Summary Judgment on Count II, bad faith ("Motion"). (ECF No. 18.) Plaintiff has responded in opposition. (ECF No. 20.) For the reasons set forth below, the Court grants the Defendant's Motion.

### I.     FACTUAL BACKGROUND

Defendant removed the present action from the Court of Common Pleas of Philadelphia County on September 18, 2023. (ECF No. 19 ¶ 2.) Plaintiff owns the property located at 908 Messner Road, Chester Springs, PA 19426 ("Property"). (ECF No. 19 ¶ 5.) The Property was built in 1742. (ECF No. 19 ¶ 17; ECF No. 18-4, 8:4-5.) Plaintiff maintained an insurance policy with the Defendant ("Policy"). (ECF No. 19 ¶ 6.) The Property sustained damages on September 27, 2022 when a floor collapsed in the Property, damaging contents in storage in the Property. (ECF No. 19 ¶¶ 7, 11.) Plaintiff reported the damage on October 26, 2022. (*Id.*) On October 31, 2022, Defendant inspected the Property while a representative of the Plaintiff was present. (ECF No. 19 ¶ 12.) Because the damage in question involved structural issues, Defendant sent an engineer to

inspect the Property and determine the cause of the damage. (ECF No. 19 ¶ 13.) Defendant's engineer, Timothy Mallow, inspected the property on December 14, 2022 and produced a report on December 21, 2022. (*Id.*; ECF No. 18-2.) The engineer determined that the floor collapsed due to wood rot and insect infestation. (ECF No. 18-2.) Defendant reinspected the property on June 26, 2023 and produced a supplemental engineer report on June 29, 2023 stating that the aforementioned damage was not concealed or hidden. (ECF No. 19 ¶¶ 14-15.) Based on these two inspections, Defendant concluded that the cause of loss of the Property was wet or dry rot, insect infestation, and collapse, which are not insured under the Policy. (ECF No. 19 ¶ 16; ECF No. 18-3.)

At issue are two relevant provisions of the Policy. The first provision pertains to losses not covered:

> **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
> > a. collapse…
> > g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown…
> > i. wet or dry rot…
> > l. all animals, birds, or insects. This includes:
> > > (a) nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects…

(ECF No. 18-4, at 35-37 (emphasis in original).) The second provision pertains to collapse specifically:

> **Collapse.** **We** will pay for accidental direct physical loss to covered property involving the abrupt, entire collapse of a **building structure** or any part of a **building structure**.
> > a. Collapse means the abrupt and entire falling down, caving in, or falling into pieces of a **building structure** or any part of a **building structure**. Collapse does not include any of the following:

    (1) settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending;
    (2) substantial structural impairment;
    (3) imminent or threatened collapse;
    (4) a **building structure** or any part of a **building structure** that is in danger of falling down or caving in; or
    (5) a part of a **building structure** that is standing even if:
      (a) it has separated from another part of the **building structure**; or
      (b) it shows evidence of settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending.
  b. The collapse must be directly and immediately caused by one or more of the following:
    (1) perils described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**. These perils apply to building structures covered under Coverage A or Coverage B for loss insured by this Additional Coverage;
    (2) decay or deterioration of, or damage from animals, birds, or insects to:
      (a) a connector; or
      (b) a structural member of a **building structure**;
      The decay, deterioration, or damage must be hidden from view and unknown to all **insureds** prior to the collapse;
    (3) weight of contents, equipment, animals, or people;
    (4) weight of ice, snow, sleet, or rain that collects on a roof, porch, or deck; or
    (5) use of defective material or methods in the construction (includes remodeling or renovation) of the **building structure**, if the collapse occurs during the course of the construction of the **building structure.**

    Loss to awnings, fences, patios, pavement, swimming pools, underground pipes, flues, drains, cesspools, septic tanks, foundations (including slabs, basement walls, and crawl space walls), retaining walls, bulkheads, piers, wharfs, docks, trellises, or antennas and their supporting structures is not included under items (2), (3), and (4) immediately above unless the loss is the direct and immediate result of the collapse of a **building structure** or any part of a **building structure**.

  This coverage does not increase the limit applying to the damaged property.

(ECF No. 18-5, at 31-32 (emphasis in original).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit, given the applicable substantive law, and a dispute is genuine if the evidence presented is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (internal citations omitted). This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)). Therefore, if after making all reasonable inferences in favor of the non-moving party, the court determines there is no genuine dispute as to any material fact, then summary judgment is appropriate. *Wisniewski v. Johns Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

III.  DISCUSSION

There is only one count at issue in the present Motion, bad faith (Count II). In order to succeed on a claim of bad faith under 42 Pa. C.S.A. § 8371, a Plaintiff must demonstrate that 1) the insurer lacked a reasonable basis for denying benefits and 2) the insurer knew or recklessly disregarded its lack of reasonable basis. *Klinger v. State Farm Mutual Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). This must be demonstrated by clear and convincing evidence. *Id.* The standard requires evidence that is "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167,179 (3d Cir. 2011). An insurer may defeat a bad faith claim by showing it had a reasonable basis for its actions. *Id.* Reliance on an expert report is a reasonable basis to deny an insurance claim. *Nehme v. Westfield Ins. Co.*, 2024 WL 3204461, at *4 (E.D. Pa. June 26, 2024) (citing *Hamm v. Allstate Prop & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 673 (W.D. Pa. 2012)); *see also Cantor v. Equitable Life Assur. Soc'y of the U.S.*, 1999 WL 219786, at *3 (E.D. Pa. 1999) ("[A]n insurance company's substantial, thorough investigation, based upon which the insurance company refuses to make or continue benefit payments, establishes a reasonable basis that defeats a bad faith claim."). The insurer does not need to show that its investigation "yielded the correct conclusion or even that its conclusion more likely than not was accurate." *Id.* Bad faith cannot be found where the insurer's conduct is in accordance with a reasonable but incorrect interpretation of the insurance policy and the law. *See Bostick v. ITT Hartford Grp., Inc.*, 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999) (citing *J.H. France Refractories Co. v. Allstate Ins. Co.,* 534 Pa. 29, 626 A.2d 502, 510 (1993); *Terletsky v. Prudential Property and Cas. Ins. Co.,* 649 A.2d 680, 690 (Pa. Super. 1994); *Jung v. Nationwide Mut. Fire Ins. Co.,* 949 F. Supp. 353, 359 n.

7 (E.D. Pa. 1997) (declining to express an opinion on "[W]hether Nationwide's interpretation of the law was correct. This is irrelevant, because as long as Nationwide's act was reasonable, bad faith cannot be found even if their analysis of the law was wrong.")).

While Plaintiff makes a plethora of arguments related to the policy and what should or should not be covered (ECF No. 20-2, at 2-3), these arguments are not applicable to the standard relevant for their bad faith claim. As stated above, the standard is whether or not there is a genuine dispute of material fact as to whether the Defendant lacked a reasonable basis for denying benefits and whether the Defendant knew or recklessly disregarded its lack of reasonable basis. *Klinger v. State Farm Mutual Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). Looking to the record, the operative question in the present case is whether Defendant's engineering reports were a reasonable basis to deny Plaintiff's insurance claim. To that end, Plaintiff primarily argues that Defendant's basis for denying Plaintiff's claim was unreasonable because Plaintiff has provided an engineering report which concludes something different from Defendant's engineering reports. (ECF No. 20-2, at 4-5.) Defendant, on the other hand, argues that their basis for denying the claim was reasonable because they relied on the engineering reports developed throughout the claims process. (ECF No. 18.)

Considering the facts in the present case, there is no evidence on the record that Defendants acted in bad faith in denying the claim. Defendant had an engineer inspect the Plaintiff's property twice to see if the damage was covered under two different provisions of the Policy. Those reports indicated the damage fell into a category of damage that was not covered by the Policy. Relying on these reports is reasonable, and there is no evidence on the record indicating that the investigation was inadequate or faulty. The fact that there is a conflicting report by Plaintiff's engineer does not make Defendant's reliance on their engineer's reports any less reasonable. Many

of Plaintiff's arguments address the interpretation of the Policy but this is not the relevant question for a bad faith claim, those arguments are properly within the breach of contract claim, which is not at issue in the Defendant's Motion for Summary Judgment. The Court, upon review of the record, concludes that there is no dispute of fact as to whether reliance on the engineer's reports was reasonable. It was.

### IV.     CONCLUSION

For the reasons stated above, the Court grants the Defendant's Motion for Summary Judgment on Count II, bad faith. Judgment is hereby entered in favor of the Defendant on that Count. An appropriate order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
       HODGE, KELLEY B., J.